**Clarence Edward LEE, Appellant,**

v.

**Lois Faye LEE, Appellee.**

**No. 7455.**

Court of Civil Appeals of Texas.

Texarkana.

Oct. 23, 1962.

———◆———

George W. Eddy, Houston, for appellant.

Beckwith Smith, Jr., Houston, for appellee.

FANNING, Justice.

Lois Faye Lee sued her husband Clarence Edward Lee for divorce, custody of their three minor children, temporary alimony, child support, for partition of their community property, and sought certain injunctive relief.

Citation was duly served upon defendant Clarence Edward Lee, but he did not file a written answer to plaintiff's suit.

Defendant appeared in person without an attorney at a hearing on plaintiff's application for temporary relief. On this hearing a temporary order was entered by the trial court restraining defendant from certain stated acts, requiring him to file a sworn inventory, setting aside the use of the homestead for the wife and minor children, and also ordering defendant to pay certain stated amounts at stated times for child support.

Plaintiff later filed a motion for contempt against defendant, alleging various acts of contempt on the part of defendant in violat-

ing the temporary order. Defendant was duly cited on the contempt complaint, appeared in person without an attorney, and was jailed for contempt by an order of the court after a hearing.

Later an order was entered by the trial court appointing an auditor to audit and state the account between plaintiff and defendant with respect to their interest in Combs Truck Line, Inc., the same being community property of plaintiff and defendant.

Later, on January 19, 1962, the trial court entered a final judgment in the cause. The judgment recites that plaintiff appeared in person and by attorney, and that defendant had been duly cited by personal service of citation for the time and the manner prescribed by law. Defendant was not present at this hearing and did not learn of the judgment until a few days later when plaintiff told him about it.

The final judgment granted plaintiff a divorce, custody of the three minor children with defendant having certain stated rights of visitation, defendant was ordered to pay certain stated sums at stated times for child support, the community property of the parties was partitioned in the manner stated in the judgment, the court found that the audit previously ordered had been made and found that a fee of $250.00 was reasonable for such audit, and assessed the costs of the audit against defendant, as well as all other costs incurred in the cause.

Defendant thereafter on January 29, 1962, filed a motion for new trial, and was then represented by an attorney.

The motion for new trial was heard by the trial court. On this hearing the defendant testified, was cross-examined by plaintiff's counsel, and was also interrogated by the trial court. This was all of the evidence presented to the trial court on the hearing on motion for new trial and a statement of facts on the hearing on motion for new trial has been filed in this court. The trial court overruled defendant's motion for new trial and defendant has appealed.

Appellant on appeal makes no complaint concerning the court's judgment except as it partitions the community property, and contends that the partition was manifestly unjust and unfair to the defendant and that the trial court abused its discretion in partitioning the community property of plaintiff and defendant.

No statement of facts in connection with the hearing held by the trial court on January 19, 1962, when a final judgment was rendered in the cause, has been filed in this court. No bills of exceptions are contained in the transcript. The audit of the court appointed auditor which apparently was before the trial court is not shown in either the transcript or any statement of facts.

Under the very meagre record presented to us we can not say that the partition was manifestly unjust and unfair to the defendant, or that the trial court abused its discretion in partitioning the community property of plaintiff and defendant.

The judgment of the trial court is affirmed.